# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-3162

(Consolidated with 23-3159)

UNITED STATES OF AMERICA,

Appellee,

v.

ZACHARY REHL,

Appellant.

## APPELLANT ZACHARY REHL'S PRO SE MOTION FOR REMAND TO THE DISTRICT COURT FOR CONSIDERATION OF A MOTION FOR NEW TRIAL OR DISMISSAL BASED ON NEWLY DISCOVERED EVIDENCE

Appellant Zachary Rehl, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 27 and Federal Rule of Criminal Procedure 33(b)(1), to remand this case to the United States District Court for the District of Columbia for consideration of a motion for a new trial or, in the alternative, dismissal of the case with prejudice. This motion is based on newly

discovered evidence of prosecutorial misconduct, including the coercion of key

government witness Jeremy Bertino, which violated Rehl's constitutional rights

under the Fifth Amendment's Due Process Clause. Rehl notes that this motion is

filed solely on his behalf as a pro se litigant. Co-appellants Ethan Nordean, Joseph

Biggs, and Dominic Pezzola, through their respective counsel, may elect to join

this motion by filing a notice of joinder within a reasonable time, such as 14 days

from the date of this filing, or they may decline to join without prejudice to their

positions on appeal. In support of this motion, Rehl states as follows:

## I. BACKGROUND

This appeal arises from convictions in the United States District Court for

the District of Columbia, Case No. 21-cr-175 (TJK), following a trial that

concluded on May 4, 2023. Rehl and his co-defendants were convicted of various

charges, including seditious conspiracy under 18 U.S.C. § 2384, related to events

at the United States Capitol on January 6, 2021. Sentences were imposed in August

and September 2023, and notices of appeal were timely filed.

On January 20, 2025, President Trump issued a proclamation commuting the

sentences of Rehl, Biggs, and Pezzola, while fully pardoning co-defendant Enrique

Tarrio. The government moved to dismiss Tarrio's appeal as moot, which this Court

granted, but the appeals for Rehl, Biggs, and Pezzola remain pending.

On March 6, 2025, Rehl, along with Biggs and Pezzola, filed a motion in the

district court (ECF No. 1066) to dismiss the case with prejudice due to outrageous

government conduct and prosecutorial misconduct, including Brady violations, entrapment, false testimony, and jury intimidation. The government opposed the motion (ECF No. 1068), arguing lack of jurisdiction due to the pending appeals. On March 20, 2025, District Judge Timothy J. Kelly denied the motion as moot (ECF No. 1068-1), citing the district court's lack of jurisdiction over the cases amid the ongoing appeals and effectively deferring resolution to this Court.

Since the district court's denial, newly discovered evidence has emerged that directly supports the allegations of prosecutorial misconduct raised in the prior motion. This evidence includes a sworn affidavit from Jeremy Bertino, the government's star witness at trial, dated August 4th, 2025, in which Bertino recants key portions of his testimony and alleges coercion by FBI Special Agent Nicole Miller and prosecutors. Bertino's affidavit states that his initial proffer to the government—that the events of January 6 were organic and unorganized—was truthful, but he was threatened with 25 years in prison unless he altered his account to fit the government's narrative of a planned conspiracy. He claims agents lied about Enrique Tarrio authoring a document called "1776 Returns" and forced him to omit exculpatory statements.

A transcribed audio interview with Bertino, conducted by a private investigator for Tarrio's defense team, further details the coercion, including pressure from prosecutors present at every debriefing session, threats of severe charges, and coaching to reinterpret sarcastic social media posts as evidence of intent. Bertino

expresses regret for his altered testimony, affirming that no prior knowledge or planning existed among the defendants. Additionally, two videos of Bertino recanting his testimony and describing the coercion in detail are available and will be provided to the Court upon request for evidentiary purposes in future proceedings.

Further lending weight to these allegations, lead prosecutor Jason McCullough, who oversaw the case, was demoted or removed from his position in February 2025 amid a broader purge of January 6 prosecutors under the new administration, as reported in multiple sources. This action underscores the validity of the misconduct claims previously raised.

## II. LEGAL STANDARD AND AUTHORITY FOR REMAND

Under Federal Rule of Criminal Procedure 33(b)(1), a defendant may move for a new trial based on newly discovered evidence within three years of the verdict. Here, the verdict was entered on May 4, 2023, making this motion timely. However, when an appeal is pending, the district court "may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). Accordingly, a remand from this Court is required for the district court to consider the merits. See, e.g., United States v. Cronic, 466 U.S. 648 (1984) (discussing appellate procedures for remand); see also Circuit precedent in United States v. Knight, 606 F.3d 801 (D.C. Cir. 2010) (remand appropriate for district court to address post-conviction motions).

This Court has authority under Federal Rule of Appellate Procedure 27 to entertain motions during the pendency of an appeal, including motions for remand based on new evidence that could warrant a new trial or dismissal. Remand is warranted where the new evidence is material, non-cumulative, and likely to produce an acquittal or other relief. See Thompson v. United States, 188 F.2d 652 (D.C. Cir. 1951) (standards for new trial motions). The evidence here meets this threshold, as Bertino's recantation directly undermines the government's case, which relied heavily on his testimony to establish intent and conspiracy.

Rehl has the right to file this motion prior to the submission of appellate briefs, as the new evidence came to light after the district court's denial and directly impacts the appeal's merits. Delaying until briefs are filed would prejudice Rehl, given the constitutional stakes.

### III. CONSTITUTIONAL VIOLATIONS

The coercion of Bertino and the knowing use of his altered testimony violated Rehl's Fifth Amendment due process rights to a fair trial. Prosecutors have a duty to refrain from knowingly presenting false or coerced testimony. Napue v. Illinois, 360 U.S. 264, 269 (1959) ("[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment."); see also Alcorta v. Texas, 355 U.S. 28 (1957) (extending to coerced testimony). Here, Bertino alleges prosecutors were present and actively coached him to change his story, suppressing his initial exculpatory

proffer and forcing a narrative of premeditation. This constitutes a Napue violation, as the government elicited testimony it knew or should have known was false. Additionally, the failure to disclose the coercive tactics and Bertino's initial truthful statements violated Brady v. Maryland, 373 U.S. 83 (1963), which requires disclosure of exculpatory evidence, and Giglio v. United States, 405 U.S. 150 (1972), mandating disclosure of impeachment material. The government's threats and lies about evidence (e.g., Tarrio's authorship of "1776 Returns") suppressed material that could have impeached Bertino and exonerated the defendants. These actions amount to outrageous government conduct warranting dismissal with prejudice. See United States v. Russell, 411 U.S. 423, 431-32 (1973) (dismissal for conduct shocking the conscience).

These violations echo those alleged in the district court motion (ECF No. 1066), including Brady issues and false testimony, which Judge Kelly declined to address due to jurisdictional limits, deferring implicitly to this Court. The new evidence bolsters those claims, demonstrating systemic misconduct that infected the trial.

## IV. RELIEF SOUGHT

Rehl requests that this Court remand the case to the district court with instructions to consider a Rule 33 motion for a new trial based on the newly discovered evidence. In the alternative, if the misconduct is deemed sufficiently egregious, Rehl seeks dismissal of the case with prejudice.

WHEREFORE, Appellant Zachary Rehl respectfully requests that this Court grant the motion for remand or dismissal as set forth above.

Respectfully submitted,

/s/ Zachary Rehl

Zachary Rehl, Pro Se

[Redacted Address]

[Redacted Phone]

zachwrehl@gmail.com (mailto:zachwrehl@gmail.com)

Date: November 26, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, a copy of the foregoing motion was served via [specify method: e.g., CM/ECF electronic filing, if granted; otherwise, U.S. Mail] on counsel for the United States and counsel for co-appellants Ethan Nordean, Joseph Biggs, and Dominic Pezzola at their respective addresses of record.

/s/ Zachary Rehl