**UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 23-3159

(Consolidated with Nos. 23-3160, 23-3161, & 23-3162)

**UNITED STATES OF AMERICA,**

*Appellee,*

v.

**ETHAN NORDEAN, et al.,**

*Appellants.*

**APPELLANT ZACHARY REHL'S RESPONSE IN OPPOSITION TO MOTION FOR**

**LEAVE TO FILE AMICUS CURIAE BRIEF OF REPRESENTATIVE JAMIE RASKIN**

Appellant Zachary Rehl, proceeding pro se, respectfully opposes the motion for leave to file the proposed amicus curiae brief of Representative Jamie Raskin (D.C. Cir. Doc. #2169291, filed April 17, 2026). The brief should be denied and stricken for multiple independent reasons.

**1. Raskin's Brief Is Riddled with Vicious, Deceitful, Hateful, and Malicious Misrepresentations**

Raskin pushes a false narrative that these defendants led "insurrectionist followers." (Amicus Br. at 2, 15). That is false. No defendant in this case — including Rehl (Proud Boys) or any Oath Keeper — was ever charged with, let alone convicted of, insurrection under 18 U.S.C.

§ 2383. In fact, of the more than 1,500 individuals charged in connection with January 6, 2021, **not one single defendant** has ever been charged with the crime of insurrection. The juries convicted 12 individuals on seditious conspiracy under 18 U.S.C. § 2384. Raskin knows the difference.

Raskin goes further and falsely attributes personal violence to the defendants, claiming they "personally led the breaches of the Capitol that resulted in 140 law enforcement officers being beaten, crushed, sprayed with chemical agents, wounded, and hospitalized" and "organized violence against its own democratic processes." (Amicus Br. at 1–2). That is also false. **None of the 12 defendants were convicted of assault on any officer or any substantive act of violence.** The government never proved, and the jury never found, that any Proud Boy or Oath Keeper convicted of seditious conspiracy personally assaulted anyone. Raskin's statements are knowing, federally documented distortions.

As a licensed attorney (admitted Massachusetts 1987, D.C. 1993, Maryland, 1995), Raskin is bound by the duty of candor to this Court under ABA Model Rule of Professional Conduct 3.3 (and its identical D.C. and Maryland counterparts), which prohibits knowingly making a false statement of material fact to a tribunal. By toeing the line with these deliberate misrepresentations in a court filing, Raskin is violating federal ethical rules that govern every licensed attorney who appears before this Court. Knowingly making material false statements in a federal court document is a serious federal offense for any attorney, and it exposes him to bar discipline, sanctions, or even criminal referral. Raskin should consider himself fortunate if the Department of Justice elects not to pursue charges against him for violating federal law. The brief is vicious, deceitful, hateful, and malicious. It should be stricken, and Raskin's conduct referred

to the appropriate bar authorities for discipline — or, if the Court deems it warranted, for criminal investigation.

**2. Raskin's Personal and Political Bias Disqualifies Him as a Neutral "Friend of the Court"**

Raskin was a leading member of the January 6 Select Committee that investigated these Proud Boys and Oath Keepers defendants and referred them for prosecution. He was personally present in the Capitol on January 6 and has repeatedly called these defendants "insurrectionists" in public statements and on national television. His brief is not neutral legal analysis — it is partisan advocacy from a political opponent.

Notably, Raskin himself received a preemptive pardon from President Biden on January 20, 2025, for his role on the January 6 Select Committee. The very fact that a sitting Member of Congress required a preemptive pardon for his official investigative actions is a tacit admission of potential criminal exposure — a clear "slight towards guilt" that strongly suggests his work on the Select Committee was itself fraudulent or unlawful. Yet these twelve defendants (Proud Boys and Oath Keepers) — who received only commutations to time served rather than full pardons — are now the subject of the Executive Branch's unopposed motion to vacate their convictions entirely and dismiss the indictment with prejudice. This double standard exposes Raskin as a partisan actor seeking to keep convictions alive that the government itself no longer wishes to defend.

Raskin further identifies himself as a *victim* of the alleged crime (Amicus Br. at 1). By self-identifying as personally injured, he views the facts through the lens of personal grievance rather than impartial legal analysis. A self-proclaimed victim cannot serve as a neutral "friend of

the court." This is not the role of an amicus. See *In re Flynn*, 973 F.3d 74 (D.C. Cir. 2020) (en banc).

**3. The Government's Unopposed Motion to Vacate and Dismiss With Prejudice Moots Any Need for Raskin's Brief**

The United States has now filed an unopposed motion asking this Court to vacate the convictions and remand so the indictment can be dismissed with prejudice under Fed. R. Crim. P. 48(a). (D.C. Cir. Doc. #2168667, filed April 14, 2026). The Executive Branch — the same branch that prosecuted this case — has determined that continued prosecution is not in the interests of justice. Raskin, a member of the Legislative Branch who helped drive the original prosecutions through the Select Committee, which ended up requiring pardons from President Biden for their alleged fraudulent actions, is now attempting to insert himself to keep those convictions alive. That is not the proper function of an amicus.

**4. Raskin's Brief Relitigates Guilt Instead of Addressing the Narrow Issue Before the Court**

The only question before the Court is whether to grant the government's unopposed motion to vacate and dismiss. Raskin spends most of his brief re-arguing the merits of the original trial with exaggerated claims: "the worst mass attack on the United States Capitol since the War of 1812," "personally led the breaches," "amassed weapons," and "established paramilitary chains of command."

Anyone with a second-grade education knows this is false. There have been numerous documented violent attacks on the Capitol since 1814, including:

1) 1915 bombing in the Senate Reception Room,

2) 1954 shooting by Puerto Rican nationalists in the House gallery (wounding five Congressmen)

3) 1971 Weather Underground bombing

4) 1983 Senate wing bombing by the Armed Resistance Unit

5) 1998 shooting that killed two Capitol Police officers.

6) Even the 2018 Kavanaugh confirmation protests involved arrests for disruption inside Senate buildings.

Raskin's hyperbolic claim is not just wrong — it is deliberately deceitful and he knows it. Prosecutors conceded at trial that neither the Proud Boys nor the Oath Keepers had any pre-mediated plan to attack the Capitol. CCTV and trial evidence showed the Oath Keepers and Proud Boys walked into open doors or were pushed into the building by the crowd at various entrances or welcomed in by police. They were not charged with trespass because the video evidence was so compelling. Leadership and terrorism enhancements were not applied to all defendants convicted of seditious conspiracy either. Raskin's brief is an attempt to hijack the process for political theater.

Raskin repeatedly claims this matter "isn't political," yet he gratuitously injects President Trump — and even Steven Bannon, whom neither are a codefendant or even a party to either case — into the brief over **six separate times**. This is classic partisan advocacy masquerading as neutral legal argument.

**In conclusion,** Representative Raskin would be well advised to devote more attention to the district he was elected to represent rather than inserting himself into matters far outside his legislative responsibilities. By knowingly making material false statements in a filing before this federal Court, Raskin has violated the duty of candor under D.C. Rules of Professional Conduct Rule 3.3 (which governs all attorneys appearing in the D.C. Circuit and is identical to ABA Model Rule 3.3), which prohibits an attorney from knowingly making a false statement of material fact to a tribunal. The Court should either (a) direct Raskin to withdraw his brief immediately and hope the Department of Justice elects not to pursue charges for violating federal law, or (b) strike the fraudulent brief on its own motion.

For all these reasons, the motion for leave should be denied and the proposed brief stricken. Raskin's vicious and deceitful filing demonstrates he has no place before this Court as an amicus.

Respectfully submitted,

/s/ Zachary Rehl

Zachary Rehl, Pro Se

zachwrehl@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20th, 2026, a copy of the foregoing response was served via CM/ECF on all counsel of record and on counsel for amicus curiae Representative Jamie Raskin.

/s/ Zachary Rehl

Pro Se